(No. 1306—

ROMELLA BUCK, A MINOR, BY JOHN ROACH, HER GUARDIAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*

JOHN P. PALLISSARD, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLE-TON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration in this case recites that John Roach was appointed guardian of Romella Buck, a minor, and that on behalf of said Romella Buck, he filed this claim against the State of Illinois.

It appears from the evidence that Joseph Buck prior to his death was a resident of Martinton, County of Iroquois, State of Illinois and that he was the husband of Romella Buck; that on the 12th day of December, 1927, and was for a long time thereto, the said Joseph Buck was employed by the State of Illinois through the Department of Public Works and Buildings, Division of Highways, as a highway maintainer, and was on the said 12th day of December, 1927, engaged in doing certain labor in the line of his duties as an employee of the State of Illinois, under the Department of Public Works and Buildings.

The evidence further shows that the said Joseph Buck was operating a tractor grader along and upon the State high-

way between Beaverville, Illinois, and Papineau, Illinois, between section twenty-six on said State highway and at a point where the highway crosses the New York Central Lines, known as the Big Four which was operating between Indianapolis, Indiana, and Chicago, Illinois. That one of the passenger trains of said company consisting of a locomotive engine and coaches was being operated by said railroad company and was proceeding in a northwesterly direction along the line of said railroad at a high rate of speed, that Joseph Buck, deceased, was operating the tractor grader in the line of his duty and that while so performing his duty he was struck with great force and violence by the train operated on said New York Central Lines and was thrown upon the ground sustaining certain mortal wounds and injuries from which wounds the said Joseph Buck died; that said Joseph Buck left surviving him a widow, Romella Buck, who was a minor at the time of the filing of this declaration. He having left no children surviving him.

The Attorney General files a statement as follows:

"The claimant herein has filed his statement, brief and argument in this cause. In said statement, brief and argument it is the opinion of the respondent that the facts were properly stated, the law properly stated and the law properly applied to the facts.

The claimant was driving a tractor grader. Paragraph 7½ of Section 3, Workmen's Compensation Act, is as follows:

'Any enterprise in which sharp edged cutting tools, grinders or implements are used, except.'

The exception set out in Paragraph 8 of Section 3 relates to farming and the deceased State employee was working on the hard roads and not farming in any manner.

The estate of said deceased State employee, through the cooperation of the interested parties, the Division of Highways and the office of the Attorney General, received from the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, who operated the train which caused the death of the said employee, Twelve Hundred and Fifty Dollars, which is a proper deduction from the total amount he would be entitled to under the Workmen's Compensation Law.

The total amount, which this claimant could hope to receive under said Workmen's Compensation Law, would be Thirty-seven Hundred and Fifty Dollars, and after deducting the amount received from said railway company on account of the death of said claimant herein, he would be entitled to Twenty-five Hundred Dollars from the State of Illinois.

I, therefore, submit this claim to the court for its consideration for such disposition as it cares to make."

150

We, therefore, award the said claimant the sum of Twenty-five Hundred Dollars.